IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT J. AUMEN and | : | |
| SHARON M. AUMEN, | : | 1:10-cv-597 |
| Plaintiffs, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. William T. Prince |
| NATIONWIDE MUTUAL | : | |
| INSURANCE COMPANY, | : | |
| Defendant. | : | |

## MEMORANDUM

## March 24, 2011

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge William T. Prince (Doc. 30), filed on March 8, 2011, which recommends that we grant the Defendant's Motion for Summary Judgment (Doc. 18) and close this case. On today's date, the parties filed a letter on the docket indicating that neither party will file objections to the Magistrate Judge's R&R and requesting an expeditious review of the R&R. (Doc. 31). Accordingly, this matter is ripe for our review. For the reasons that follow, we shall adopt the R&R in its entirety, grant the Defendant's Motion for Summary Judgment and close this case.

**I.      STANDARD OF REVIEW**

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case amply confirms the Magistrate Judge's determinations.

## III.   DISCUSSION

This action arises out of a motor vehicle accident that occurred on November 25, 2003, involving Plaintiff Robert Aumen. During the collision, Aumen was driving a van owned by his employer, Utz. At the time of the accident, Plaintiffs were beneficiaries of a motor vehicle insurance policy issued by the Defendant, Nationwide Mutual Insurance Company ("Defendant" or "Nationwide"). The

policy provided benefits of $50,000.00 per person and $100,000.00 per accident, and these benefits were "stacked" for three vehicles, thus rendering a maximum coverage of $150,000.00 per person. The policy further provided for wage loss and medical expenses. The tortfeasor in the accident, Dale White, had a motor vehicle insurance policy written by Progressive Insurance, which provided liability coverage in the amount of $25,000.00.[1]

Inasmuch as Plaintiffs maintained that their injuries exceeded this amount, they made a claim for Underinsured Motorist ("UIM") Benefits with the Defendant on January 22, 2004. Defendant issued a reservation of rights letter to Plaintiffs indicating that the matter was being investigated. After such investigation, Defendant informed Plaintiffs that it would not be paying lost wages or UIM benefits because Plaintiff was in his employer's vehicle at the time of the accident.

Thereafter, a written demand for arbitration on the UIM claim was sent to Defendant. Defendant accepted coverage of Plaintiff's UIM claim and ultimately agreed to a settlement of the claim for $80,000.00 in exchange for a general release from Plaintiffs. In this action that followed, Plaintiffs submit that this general release is violative of Pennsylvania's Unfair Insurance Practices Act and that the Defendant acted in bad faith in resolving the UIM claim.

---

[1] Plaintiffs settled their claim against Dale White for the policy limits of $25,000.00 on February 11, 2005.

Within the R&R, Magistrate Judge Prince thoroughly reviews the record and determines that the release in question is not indicative of bad faith on the part of the Defendant and that there is a lack of evidence to support the conclusion that the Defendant acted in bad faith when settling the UIM claim.

As we have already mentioned, the parties have informed the Court that they do not object to the recommendations contained in the R&R.  Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety.  With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case *sub judice*.  An appropriate Order shall issue.